IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CR-32 |
| | ) | |
| JIMMIE DUANE ROSS, | ) | (JORDAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Ross's pending pretrial filings:

> (1) Jurisdictional Challenge "One supreme Court Article 3" [Doc. 67], filed on December 8, 2011;
>
> (2) Notice to Court Regarding Jurisdictional Challenges [Doc. 76],[1] filed on January 6, 2012;
>
> (3) Jurisdictional Challenge "One supreme Court Article 3" [Doc. 77], filed on January 6, 2012;
>
> (4) Alleged Defendant's Demand to Dismiss for Lack of In Personam and Subject Matter Jurisdiction [Doc. 78], filed on January 6, 2012;
>
> (5) Final Order: Charges dismissed with prejudice, "One supreme Court Article 3" [Doc. 82],[2] filed on January 17, 2012;

---

[1] This filing raises identical issues to the Defendant's Jurisdictional Challenge [Doc. 67] of December 8, 2011.

[2] The Defendant has filed three documents [Docs. 82, 85, and 90] purporting to order the dismissal of the case. This Court has previously admonished [Doc. 101] the Defendant that only

1

(6) Order Vacating Decision [Doc. 85], filed on January 26, 2012;

(7) Ratification of Commencement [Doc. 86], filed on January 26, 2012;

(8) "One supreme Court" Article 3 [Doc. 87], filed on January 27, 2012;

(9) Objection to Denial of Special Appearance [Doc. 88], filed on January 30, 2012;

(10) Demand for Dismissal Due to Not Naming a Real Party of Interest [Doc. 90], filed on February 2, 2012;

(11) Motion to Dismiss Indictment [Doc. 91], filed on February 6, 2012;

(12) "One Supreme Court" Article 3, Demand for Dismissal Due to Arrest of the Wrong Man and Not the Corporate Entity [Doc. 92], filed on February 6, 2012;

(13) Conditional Acceptance [Doc. 97], filed on February 13, 2012;

(14) Take Judicial Notice and Administrative Notice; Petitioner Objects to Each Department of Justice Request for Denial of Dismissal of this Case [Doc. 99], filed on February 21, 2012;

(15) Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, *Coram Nobis* and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue [Doc. 100],³ filed

---

the District Judge or the undersigned has the authority to rule upon the motions in this case. These purported "orders" filed by the Defendant will be treated as motions to the extent that they can be interpreted to raise a justiciable issue.

³The Defendant styles documents 100 and 104 as relating to a writ of error *coram nobis*. "The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting United States v. Morgan, 346 U.S. 502, 507 (1954)). In modern practice, the writ is applied more broadly to errors both technical and fundamental but is reserved for "extraordinary" cases, in which other remedies are unavailable and the use of the writ of *coram nobis* is necessary to attain justice. Id. In the instant case, the writ of *coram nobis* is not called for as there is no prior error, either legal or factual, in a judgment, because no judgment has yet been rendered. Instead, the Defendant has other

2

on February 21, 2012;

(16) Demand for Dismissal Due to Internal Revenue Service Fraud and Fraud on the Court [Doc. 102], filed on February 27, 2012; and

(17) "One Supreme Court" Article 3, Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, *Coram Nobis* and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue [Doc. 104],[4] filed on March 1, 2012.

The Government responded to these filings on January 12 [Doc. 81], January 19 [Doc. 83], February 2 [Doc. 89], February 9 [Doc. 93], February 10 [Doc. 94], February 24 [Doc. 101], and March 9, 2012 [Doc. 105]. The Defendant filed a reply, Consolidated Response Objections to DOJ Filings [Doc. 106], on March 19, 2012.[5] The Court took the issues presented by the Defendant under advisement on March 19, and those issues are now ripe for a ruling.

## I. BACKGROUND

On April 5, 2011, the Defendant was indicted [Doc. 3] with five counts of tax evasion for federal income taxes owed during the calendar years 1999, 2004, 2005, 2006, and 2007. The

---

remedies available, such as pretrial motions.

[4]This filing raises identical issues as those alleged in Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, *Coram Nobis* and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue [Doc. 100], filed on February 21, 2012.

[5]On April 6, 2012, the Defendant filed a Consolidated Response Objections to DOJ and Court Non Response [Doc. 108], objecting to the lack of a ruling on his filings and raising various other issues. The Court observes that this Consolidated Response was filed beyond the seven-day time to reply permitted by the local rules and was not accompanied by a request for leave to file out of time. Accordingly, the Court has not considered the Defendant's contentions in this document, as they are untimely. The Court will consider the Defendant's March 19 Consolidated Response [Doc. 106], because it was filed within seven days of the March 15, 2012 response deadline.

Court issued a warrant for the Defendant's arrest on April 6, 2011. The Defendant was arrested in the Western District of Louisiana on May 10, 2011, and subsequently transported to this district. The Defendant was initially represented by court-appointed counsel. On January 6, 2011, the Court permitted the Defendant to represent himself with appointed counsel acting as standby or elbow counsel.

## II. POSITIONS OF THE PARTIES

The Defendant calls for the dismissal of the Indictment, raising six general contentions: that (1) the Court lacks jurisdiction over him and over the case, (2) the Indictment fails to state an offense, (3) venue in this case is not properly in the Eastern District of Tennessee, (4) he was improperly arrested, (5) he was not permitted to question the grand jury panel, and (6) the Internal Revenue Service (IRS) has perpetrated a fraud upon the Court. The Government denies each of these arguments. It contends that the Court has jurisdiction over this case, that the Indictment properly gives the Defendant notice of the offenses with which he is charged, and that venue is properly in the Eastern District of Tennessee, the district in which the Defendant resided at the time of the alleged offenses. It maintains that the Defendant was properly arrested pursuant to an arrest warrant on May 10, 2011. The Government also asserts that the Defendant has failed to properly challenge the grand jury array. Finally, it argues that the Defendant's allegations of fraud are unfounded and unsupported by either law or fact.

## III. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or

4

otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. The Defendant argues and reargues myriad issues in over two hundred sixty pages of filings. The Court has grouped the Defendant's contentions in to six main allegations: (1) The Court lacks jurisdiction over him or this case, (2) the Indictment fails to state an offense, (3) the venue is improper, (4) his May 10, 2011 arrest was improper, (5) his rights regarding the empaneling of the grand jury were not honored, and (6) the IRS has perpetrated a fraud upon the Court. As explained in detail below, the Court finds no basis for the dismissal of the Indictment and **RECOMMENDS** that all of the Defendant's filings, to the extent that they can be taken to request relief from the Court, be denied.

### A. Jurisdiction

The Defendant's primary argument for the dismissal of the case is his belief that the Court lacks jurisdiction over either his person or over the violation of tax laws. In support of this argument, he alleges that he is not a United States citizen but, instead, is a citizen of Heaven, a "natural born State Citizen of Utah," and "a national American Citizen of the republic" under the Constitution. [Doc. 97, pp.1-2, emphasis omitted] He argues that he is not a federal citizen, a Fourteenth Amendment citizen, or a corporation, which he claims are the only entities that may be prosecuted in a federal court. In this same vein, he contends that he is a living person and not a corporation or a corporate entity, as he asserts is suggested by the fact that his name appears in the style of the case in all capital letters. He also argues that the Court lacks jurisdiction over him because he does not, and did not at the times alleged in the Indictment, live in a federal area or zone. The Defendant contends that the United States District Court for the Eastern District of Tennessee

5

does not have jurisdiction over issues involving federal taxes or over his personal or property rights. Finally, he argues that the Court has been divested of jurisdiction due to certain procedural problems with the case and that he has not consented to the Court's jurisdiction over him.

Article III, section 1, of the United States Constitution provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." U.S. Const. Art. III, §1. Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. Art. III, §2, cl.1. By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). The Defendant is charged [Doc. 3] with committing five counts of tax evasion in violation of 26 U.S.C. §7201, while he was living in the Eastern District of Tennessee. Because the Defendant is alleged to have violated a federal law, i.e., §7201, in this district, the United States District Court for the Eastern District of Tennessee unquestionably has jurisdiction over this case.

The Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The United States Court of Appeals for the Sixth Circuit addressed an argument identical to that of the instant Defendant's in United States v. Mundt, wherein the "defendant argue[d] that the District Court lacked jurisdiction over him because he is solely a

6

resident of the state of Michigan and not a resident of any 'federal zone' and is therefore not subject to federal income tax laws." 29 F.3d 233, 237 (6th Cir. 1994). The appellate court deemed the defendant's jurisdictional argument to be "completely without merit and patently frivolous," quoting the following as its holding:

> "[Defendant]'s motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories. [Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States.' [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed. See United States v. Worrall, 2 U.S. (2 Dall.) 384, 393, 1 L.Ed. 426 (1798) (Chase, J.). Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.
>
> . . . For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves, see Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 . . . (1916); efforts to argue otherwise have been sanctioned as frivolous."

Id. (quoting United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990) (citations omitted)).

As pointed out by the Government [Doc. 81, p.3], other federal courts have similarly rejected the argument that a defendant is not subject to tax laws because he is a citizen of a sovereign state, rather than the United States. United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999); United States v. Gerads, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposing sanctions for the

7

frivolous appeal of this issue); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1991). The Court finds Defendant Ross's arguments that the Court has no jurisdiction over him because he is a sovereign state citizen and did not live in a federal zone to be equally unavailing.

Congress's power to enact criminal laws is generally derived from the Commerce Clause, Art. I, § 8, cl. 3. See Perez v. U.S., 402 U.S. 146, 150-52 & 157 (1971). More specifically, though, in this case, Congress's power to create criminal laws to enforce the federal income tax laws is an extension of its power to assess taxes. See United States v. McMullen, 755 F.2d 65, 67 (6th Cir. 1984) (holding that with the power to tax, goes the "power to enforce the collection of such taxes"). The Sixteenth Amendment to the United States Constitution specifically grants to Congress the power to impose an income tax.[6] The violation of federal income tax laws, thus, is a matter of federal law properly reserved to federal courts.

Additionally, the Defendant argues that this Court is divested of jurisdiction because of certain procedural problems with this case, namely that all federal prosecutions must begin with the issuance of a complaint and that magistrate judges lack the authority to take a plea at an arraignment in a felony case.[7] First, the Court observes that jurisdiction is granted to this Court by the statutory authority discussed above, 18 U.S.C. §3231, and the presence of the alleged procedural irregularities in a case would not divest a court of jurisdiction, although they might provide a separate reason for the dismissal of the case. Second, the Court observes that a criminal prosecution

---

[6] The Defendant's argument that the Sixteenth Amendment is void because it was never ratified has been routinely rejected. See Collins, 920 F.2d at 629-30 (collecting cases).

[7] The Defendant also argues that the Court lost subject matter jurisdiction over this case because he was improperly arrested and was deprived of his right to challenge the grand jury array. These issues do not relate to the Court's jurisdiction and will be discussed separately in sections D and E below.

8

may begin either with the filing of a complaint based upon probable cause and the issuance of a warrant by judge, see Fed. R. Crim. P. 4(a), or by the grand jury's return of an indictment, see Fed. R. Crim. P. 6(f) and 7(a). The fact that the Defendant's case began with an indictment was entirely proper. In such a case as this one initiated by indictment, no preliminary hearing is required, because the grand jury has already made a probable cause finding. Third, magistrate judges are authorized by statute to conduct pretrial proceedings in criminal cases: "Notwithstanding any provision of law to the contrary[,]" a district judge may designate a magistrate judge to "hear and determine any pretrial matter" [with certain exceptions for dispositive matters in criminal cases], "to conduct hearings, including evidentiary hearings[,]" . . . and to conduct "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. §636(b)(1)(A), -(1)(B), & (3). Thus, the Court finds that the procedural irregularities alleged by the Defendant are not actually deviations from proper procedure and, in any event, do not affect the Court's jurisdiction.

Finally, the Defendant contends that he swore a "purgatory oath" in court on August 16, 2011, that destroyed the presumption of jurisdiction in this case. [Doc. 67, p.5] In a seemingly related filing [Doc. 88], he objects to the Court's denial[8] of his special appearance in this case, that he may appear before the Court to contest the Court's jurisdiction without thereby consenting to jurisdiction by his appearance. The jurisdiction of this Court is provided by statute, 18 U.S.C. §3231, and no special oath or phasing by the Defendant serves to divest the Court of its jurisdiction. The Court finds that the Defendant's requests to dismiss the case due to a lack of jurisdiction should

---

[8] The Defendant claims the Court denied his affidavit and request [Doc. 6] for special appearance by "non-recognition." The Court denied [Doc. 35] this *pro se* filing as moot because the Defendant appeared shortly thereafter and requested representation by counsel. Moreover, the Court observed that the Defendant's arguments that the Court lacked jurisdiction because his name appeared in all capital letters in the style of the case were substantively meritless.

be denied.

### B. Failure to State an Offense

The Defendant also argues that the Indictment should be dismissed because it fails to state an offense. In this regard, the Defendant contends that the Indictment does not state the duty, statute, or law he violated; name a real party of interest; allege facts showing that he committed an offense "within the geographical boundaries of the federal district of Tennessee" [Doc. 106, p.2]; or provide proof of the criminal act he allegedly committed.

The Fifth Amendment provides that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. Russell v. United States, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. Hamling v. United States, 418 U.S. 87, 177 (1974); Russell, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; Russell, 369 U.S. at 761. It is in the context of these fundamental rights that the Court examines the sufficiency of the instant Indictment [Doc. 3].

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead

10

an acquittal or conviction in bar of future prosecutions for the same offense." Hamling, 418 U.S. at 117; United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

The Defendant argues that the Indictment is insufficient because it fails to cite the statute or law that makes him subject to the payment of taxes. He contends that the Government must identify a taxing statute and prove the application of a liability statute, before a penalty statute, such as 28 U.S.C. §7201, applies. The Government responds that the Indictment's provision of the tax evasion statute for each count is sufficient to put the Defendant on notice of the charges.

"For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). Each of the five counts of the Indictment charge the Defendant with violating 28 U.S.C. §7201, which provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony[.]" The elements of section 7201 are (1) willfulness, (2) "the existence of a tax deficiency," and (3) "an affirmative act constituting an evasion or attempted evasion of the tax[.]" Sansone v. U.S., 380 U.S. 343, 351 (1965); United States v. Daniel,

11

956 F.2d 540, 542 (6th Cir. 1992). Our appellate court has rejected the argument that an indictment charging the defendant with tax evasion by failure to file tax returns was insufficient for failing to allege the specific statute that required the Defendant to make a tax return. United States v. Spine, 945 F.2d 143, 149 (6th Cir. 1991). The Court finds the instant Indictment to be similarly sufficient, even though it does not allege the statute requiring the Defendant to pay income taxes.

The Defendant's next two contentions relate to the sufficiency of the facts provided in the Indictment. He argues that the Indictment fails to name "a real party of interest" [Doc. 90, p.1; Doc. 99, p.2] or state facts showing that he committed the offense in the Eastern District of Tennessee. In support of the former, the Defendant cites Federal Rule of Civil Procedure 17(a)(1), which states "[a]n action must be prosecuted in the name of the real party in interest." As pointed out by the Government [Doc. 93, p.3], this civil procedural rule does not apply in a criminal case.[9] The Defendant's claims that all crimes are commercial in nature and that there is only one type of action, a civil action [Doc. 99, p. 2] are simply wrong. The instant case is a criminal case, in which the Defendant is charged with violating a criminal law, and which was properly instituted through a criminal indictment. The prosecuting entity is the United States, represented by the United States Department of Justice, as apparent from the face of the Indictment. The absence of "a real party of interest" is of no import in this criminal case.

Moreover, the Indictment alleges that "[a]t all times relevant to this Indictment[,]" . . . the Defendant "was a resident of Sevierville, Tennessee, located in the Eastern District of Tennessee." Accordingly, the Indictment alleges facts sufficient to put the Defendant on notice that

---

[9]The same is true for the Defendant's claim that this case should be dismissed because there has been no ratification of commencement [Doc. 86]. Ratification of commencement is a civil concept, see Fed. R. Civ. P. 17(a), that does not apply in a criminal case.

12

he committed the alleged offenses in the Eastern District of Tennessee. To the extent that the Defendant is arguing that the offenses must have occurred in some type of federal zone or enclave within the Eastern District of Tennessee in order for the Indictment to be sufficient, the Court has already discussed in part A. above, that such contentions are groundless. See Mundt, 29 F.3d at 237.

Finally, the Defendant contends [Doc. 67, p.35] that the Indictment fails to provide proof of the *corpus delecti* or the criminal act that he is alleged to have committed. In this regard, he argues that the Government must provide evidence of the injury or harm constituting the crime and that the injury or harm was caused by his criminal activity. Each of the five counts of the Indictment allege that the Defendant "willfully" attempted to evade the income tax, "due and owing by him" by committing certain enumerated acts. The Court finds that the allegations set out in the Indictment properly inform the Defendant of the charges he faces and allow him to raise a double jeopardy bar in a future prosecution. Accordingly, the Court finds the Indictment to be sufficient. Whether the Government can muster the evidence to prove the allegations in the Indictment beyond a reasonable doubt is a matter for the jury to determine at trial. See Fed. R. Crim. P. 12(b)(2) (providing that a party may raise pretrial only those issues that "the court can determine without a trial of the general issue").

### C. Venue

The Defendant next argues that the case must be dismissed because of improper venue. He maintains [Doc. 87, p.5] that Congress has created only two district courts, the United States Tax Court located in Washington D.C. and the United States District Court in Washington D.C. He contends that 18 U.S.C. §1512(h) makes it impossible to prosecute most federal crimes

13

outside of Washington D.C. The Court disagrees.

The Constitution provides that a defendant has a right to be tried where the crime was allegedly committed. U.S. Const. art. III, § 2. This provision is interpreted to mean in the district where the crime is alleged to have occurred, unless a statute or rule directs otherwise. See Fed. R. Crim. P. 18; see also 18 U.S.C. §3232 (providing that "[p]roceedings are to be in the district and division in which the offense [was] committed" per Rule 18). Cases in which the crime was allegedly committed in more than one district "may be prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Moreover, as discussed above, 18 U.S.C. §3231 grants district courts original jurisdiction over all offenses under United States law. Congress has established a United States District Court in Eastern Tennessee. 28 U.S.C. §123(a). The Indictment alleges that the Defendant was living in Sevierville, Tennessee, which is located in the Eastern District of Tennessee, at all times relevant to the charged offenses. Accordingly, the Court finds that venue is properly in this Court. The Defendant's contentions that Congress has created only two district courts is baseless and, as noted by the Government, 18 U.S.C. §1512(h) applies to witness tampering and is unrelated to this case.

### D. Arrest

The Defendant argues that the Indictment should be dismissed because of improprieties surrounding his May 10, 2011 arrest. He contends that no arrest warrant had been issued at the time of his arrest, that he was detained without being identified, that the wrong person was arrested in that the officers arrested the "real living man . . . rather than the corporate entity" [Doc. 92, p.1], that he was not advised of his Miranda rights at the time of his arrest, that United

14

States Marshals entered his property and his home without a warrant, that he did not receive a copy of the arrest warrant until three days after his arrest, and that the arrest warrant was signed by a deputy court clerk, rather than the magistrate judge. The Government argues that the Defendant was properly arrested pursuant to an arrest warrant and that law enforcement officers entered his home after receiving consent from his wife.

The Court observes that assuming, without finding, that the Defendant's constitutional rights were violated or that law enforcement officers did not comply with procedural rules in relation to the arrest of the Defendant and entry onto of his property, such violations would not result in the dismissal of the Indictment in this case. The instant Indictment was filed on April 5, 2011. The Defendant was arrested over one month later on May 10, 2011. Accordingly, nothing that occurred during or in the wake of the Defendant's arrest affected the filing of the Indictment. The Indictment is not based upon information gained during the Defendant's arrest or the subsequent entry of law enforcement upon his property. Moreover, the Defendant does not ask for the suppression of evidence gained during or after his arrest. Accordingly, the Court finds that the events of the Defendant's arrest on May 10, 2011, are not a basis for dismissal of the Indictment. In so holding, the Court makes no finding with regard to whether the Defendant's Fourth Amendment rights were violated in this case.

### E. Grand Jury Proceedings

The Defendant also argues [Doc. 78, p.6-7] that he has been deprived of the due process of law and the Court lost jurisdiction over this case because he was deprived of his right to question potential grand jurors. He maintains that he has the right to challenge the qualifications and

15

competency of the grand jury venire, just as he does the petit jury venire. Additionally, the Defendant argues [Doc. 87, p.4] that the Government has failed to provide him with transcripts of the grand jury proceedings in this case despite the fact that he is entitled to them under the Jencks Act. The Government responds [Doc. 81, p.5] that the Defendant has failed to comply with the statutory procedures for challenging the grand jury selection or to even state any reasons why he believes that the grand jury was not lawfully selected.

Normally, grand jury proceedings are to remain secret. See Fed. R. Crim. P. 6(e). The Defendant has pointed to no authority granting him the right to participate in the grand jury selection process or to question potential grand jurors. The Defendant cites 28 U.S.C. §1867(a), which states

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

The provisions of Title 28 relating to selecting the grand jury, however, do not permit the defendant to participate in the selection process. See 28 U.S.C. §1866. In fact, a defendant may not even be known at the time the grand jury is empaneled. Moreover, the ability of counsel to examine potential petit jurors is within the discretion of the trial judge. Fed. R. Crim. P. 24(a). Accordingly, the Court knows of no authority permitting, much less giving the Defendant a right, to examine prospective grand jurors.

Even with regard to piercing the veil of secrecy surrounding the grand jury after it has been empaneled, "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the

16

material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). By statute, a defendant may challenge compliance with grand or petit jury procedures if the party files a motion containing "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the statute. 28 U.S.C. § 1867(d). The Defendant's present filings do not suggest any irregularities with respect to the grand jury's empanelment, much less make the requisite statutory showing. Moreover, the Court finds that the Defendant has failed to make the requisite showing for pretrial disclosure of grand jury proceedings under Rule 6. See Fed. R. Crim. P. 6; see also 18 U.S.C. §3322 (governing disclosure of certain grand jury matters). The Jencks Act only requires the production of a witness's statement, to include the witness's testimony before the grand jury, after the witness has testified on direct examination at trial. 18 U.S.C. §3500; see also Fed. R. Crim. P. 26.2(a). Accordingly, the Court finds that the Defendant's contentions about the grand jury should be denied.

**F. Fraud**

Finally, the Defendant demands the dismissal of the case because he alleges [Doc. 102] that the IRS has perpetrated a fraud upon the Court. In support of this bare allegation, he asserts twenty-one "facts" ranging from his contention that the Sixteenth Amendment was not properly ratified to his complaint that the IRS is not a lawful agency but is, instead, a "collection agency" headquartered in Puerto Rico, working for foreign banks, and essentially "an organized crime syndicate" operating under false pretenses. The Court agrees with the Government [Doc. 105,

17

p.6] that the Defendant's alleged "facts" are generally unsupported and fantastical. To the extent that the Defendant does provide case law in support of his allegations, it is generally from civil cases, taken out of context, and misinterpreted to prop up the Defendant's farfetched statements. The Court declines the Defendant's invitation to go down this rabbit hole <u>Alice in Wonderland</u>-style with him. Instead, the Court will briefly examine two of the Defendant's contentions, neither of which show any type of fraud by the IRS, but which could possibly implicate the validity of the Indictment: That the Internal Revenue Code is void because it is unconstitutionally vague and that the present Indictment impinges upon the Defendant's First Amendment rights.[10]

The Defendant demands the dismissal of the Indictment because the Internal Revenue Code is unconstitutionally vague. [Doc. 102, p.8] In support of this bare contention, he states that the Code fails to provide a legal definition of "income." He relies on a case from the Eighth Circuit, which states "[t]he general term 'income' is not defined in the Internal Revenue Code." <u>United States v. Ballard</u>, 535 F.2d 400, 404 (8th Cir. 1976). In the next sentence, the court states that the Code, instead, defines "gross income," and the Court proceeds to parse the meaning of that term. <u>Id.</u> <u>Ballard</u> in no way proves that the Internal Revenue Code is vague, much less unconstitutionally so. <u>See</u> <u>United States v. Maclean</u>, 227 F. App'x 844, 855 (11th Cir. 2007) (declining to hold that specified sections, "let alone the entire IRC, is unconstitutionally vague"). More importantly, as the Government argues [Doc. 105, p. 7], the Defendant is not charged with violating the entire Internal Revenue Code but only §7201, a criminal statute that prohibits tax evasion. The Defendant does not

---

[10]The Court notes that it has already reviewed some of the allegations in the Demand for Dismissal [Doc. 102], which repeat arguments made by the Defendant with regard to jurisdiction (that the Sixteenth Amendment was not properly ratified, that state citizens are not subject to the jurisdiction of the federal courts, etc.).

18

allege that §7201 is void for vagueness. Accordingly, this allegation does not provide a basis for the dismissal of the Indictment.

The Defendant also argues [Doc. 102, p.10, emphasis omitted] that "[f]ederal grand juries cannot issue valid indictments against illegal tax protestors." He contends that the act of protesting an illegal tax is protected by the First Amendment and cannot be a crime. In response, the Government aptly points out [Doc. 105, p. 8] that the Defendant is not indicted for protesting taxes, but for evading them. Accordingly, the Court finds that the Defendant has not shown that the statute prohibiting tax evasion violates his rights under the First Amendment.

In several of his filings, the Defendant criticizes the Government for failing to respond to his allegations "point by point." In grouping his contentions into six primary arguments as the Court has, the Court fully anticipates that the Defendant will make the same argument regarding the failure to analyze his contentions thoroughly in a future objection to this Report and Recommendation. Nevertheless, the Court finds that the six main issues analyzed by the Court provide the basis for the Defendant's challenges to the Indictment. Like a house built of cards, once these arguments are discredited, the rest of the minor points must fall as well. Accordingly, the Court recommends the denial of the Defendant's motions to dismiss the indictment.

19

Case 3:11-cr-00032-RLJ-HBG   Document 112   Filed 04/18/12   Page 19 of 20   PageID #: 863

## IV.  CONCLUSION

After carefully considering the parties' filings and the relevant legal authorities, the Court finds no basis to dismiss the Indictment. For the reasons set forth herein, it is **RECOMMENDED** that Defendant's filings requesting the dismissal of the case [**Docs. 67, 76, 77, 78, 82, 85, 86, 87, 88, 90, 91, 92, 97, 99, 100, 102, 104, and 106**], to the extent that they constitute motions, be **DENIED**.[11]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[11] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).