IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-CR-032 |
| | ) | |
| JIMMIE DUANE ROSS | ) | |

**MEMORANDUM AND ORDER**

The indictment in this case charges the defendant with five counts of tax evasion. He is accused of, *inter alia*, concealing commission income paid to him by Guardian Trust Company, Ltd. ("Guardian Trust"). According to the indictment, Guardian Trust is based on the Carribean island of Nevis, within the Federation of Saint Kitts and Nevis.

The prosecution has filed a "Government's Notice of Intention to Offer Foreign Records of Regularly Conducted Activity Pursuant to 18 U.S.C. § 3505." The notice states in material part that

> the government intends to introduce certain business records from Guardian Trust . . . . In accordance with 18 U.S.C. § 3505, Candy Maynard, the Operation Manager of Guardian Trust, has provided a foreign certification relating to such records. The government is providing notice thereof pursuant to 18 U.S.C. § 3505(b).

[Doc. 66]. Section 3505 in turn provides, "In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule" so long as an accompanying foreign

certification contains certain attestations, "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." 18 U.S.C. § 3505(a)(1).

Now before the court is the defendant's response in opposition to the government's § 3505 notice. [Doc. 141]. The defendant objects "on the basis that the source of the records lacks trustworthiness." Attached to the defendant's opposition is a June 14, 2012 announcement from "Nevis Financial Services" that "the license" of Guardian Trust had been suspended. According to the defendant, this suspension "indicates the unscrupulous practices of" Guardian Trust and "can only be the result of sub-standard business practices" by the company. The defendant also offers several unsubstantiated allegations regarding Guardian Trust's principals and business reputation, contending that Guardian Trust "has an established history of associating with individuals who have committed crimes in the United States."

In response [doc. 144], the government correctly points out that the suspension announcement does not reveal what "license" was suspended, nor why. "The license may very well have been suspended due to nonpayment of fees or some other reason that has nothing to do with the company's business practices." [Doc. 144, p.6].

The party opposing the introduction of foreign records bears the burden of showing lack of trustworthiness. *See United States v. Garland*, 991 F.2d 328, 335 (6th Cir. 1993). The present defendant has not met that burden. The license suspension notice is, at best, weak evidence that records provided by Guardian Trust lack trustworthiness. In

2

addition to the reasoning cited above, it appears that the government seeks to introduce records from 2007 and before. The defendant does not explain how a mid-2012 license suspension impacts the reliability of pre-2008 records.

Further, the defendant's unsubstantiated allegations do not bolster his opposition in any way. Lastly, the court recognizes that the defendant has also submitted a 2007 (or earlier) email written to Guardian Trust's president by a person who identifies himself only as "an attorney in fact with experience in contract law and tax matters." The email, which rails about "very dangerous trap[s] laid by the IRS," provides no information (direct or inferential) regarding the trustworthiness of Guardian Trust's records. The unprofessional tone of the email is in fact more threatening to Guardian Trust than it is advisory, and the message appears more likely to have been written by a disgruntled customer than by an advisor or agent. As to the issue now before the court, the email is of no probative value whatsoever.

For these reasons, the defendant has not met his burden of showing lack of trustworthiness. The defendant's response in opposition to the government's § 3505 notice [doc. 141] is **OVERRULED**.

       **IT IS SO ORDERED.**

ENTER:

                        s/ Leon Jordan
               United States District Judge