UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JIMMY DUANE ROSS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:11-CR-032-RLJ-HBG-1 |
| | ) | | 3:16-CV-692-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## O R D E R

This is a pro se motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 filed by Petitioner. On January 31, 2017, this Court entered an order and memorandum opinion dismissing Petitioner's § 2255 motion as time-barred [Docs. 234 and 235]. Petitioner has now filed a motion titled as a "Declaration Motion to Void Judgment and Expunge" [Doc. 236] that the Court liberally construes as a motion for relief under Rule 59(e) of the Federal Rules of Civil Procedure and/or under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion [Doc. 236] is **DENIED**.

Under Rule 59(e), a district court may grant a motion to alter or amend a judgment for the following reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 568 (6th Cir. 2012) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479 (6th Cir. 2006)). Further, Rule 60(b)(4) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment where the judgment is void.

In his motion, Petitioner asserts that on January 29, 2017, the United States Supreme Court entered a decision holding that federal judges are barred from entering a decision or holding in any

federal case and therefore holding that any such decision or judgment entered since 1991 is void [Doc. 236 p. 2–3]. Thus, Petitioner appears to contend that the Court's judgment of conviction of Petitioner [Doc. 211] and, presumably, its memorandum opinion and order dismissing Petitioner's § 2255 motion [Docs. 234 and 235] are void [*Id.* at 3–4].

Petitioner, however, does not provide a citation to any such Supreme Court decision, and the Court is unaware of any such holding by the Supreme Court. Thus, Petitioner is not entitled to relief under Rule 59(e) and/or Rule 60(b)(4) and his motion [Doc. 236] is therefore **DENIED**.

**SO ORDERED**.

**E N T E R :**

s/ Leon Jordan
United States District Judge